[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14671
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00285-TWT-LTW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS N. WEDDLE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 8, 2016)

Before WILSON, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Demetrius Weddle appeals his 11-month sentence, imposed for violating the conditions of his supervised release. The district court revoked Weddle's supervised release after finding that he committed a new crime of identity fraud, traveled out of district without approval, and lied to his probation officer about an arrest. Weddle's 11-month sentence is within the applicable Sentencing Guidelines range and well below the statutory maximum of 36 months' imprisonment. On appeal, Weddle argues that his sentence is substantively unreasonable because (1) he traveled outside the district to protect his minor child from abuse and (2) he did not intend to lie to his probation officer about the arrest in question—rather, based on the confusing circumstances surrounding the arrest, he believed his report to the officer about the arrest was truthful. We affirm.

In reviewing the substantive reasonableness of a sentence, we apply a deferential abuse of discretion standard. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *Id.* When a district court imposed the sentence after revoking supervised release, we solely consider the § 3553(a) factors enumerated in 18 U.S.C. § 3583(e). *See* 18 U.S.C. § 3583(e). We reverse only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing th[ose] § 3553(a) factors by arriving at a sentence that lies outside the range of

2

reasonable sentences dictated by the facts of the case." *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).

The district court did not abuse its discretion in sentencing Weddle to 11 months' imprisonment. Although Weddle put forth mitigating evidence related to him leaving the district and lying to his probation officer, the district court appropriately concluded during sentencing that his new act of identity fraud was a very serious violation. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor," such as the nature and circumstances of an offense, "is a matter committed to the sound discretion of the district court." (internal quotation marks omitted)). Nevertheless, the court imposed a sentence in the middle of his guidelines range and significantly below the statutory maximum. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("[W]e do not automatically presume a sentence within the [applicable] guidelines range is reasonable, [but] we ordinarily expect a sentence within [that] range to be reasonable." (internal quotation marks omitted)); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (holding that the sentence was substantively reasonable in part because it was well below the statutory maximum). Accordingly, even considering the mitigating circumstances of Weddle's supervised release violations, we are not "left with [a] definite and

firm conviction" that his sentence is substantively unreasonable. *See Irey*, 612 F.3d at 1190.

**AFFIRMED.**